## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### AT CHARLESTON

**DUANE J. RUGGIER, II,**

        **Plaintiff,**

v.

        **CIVIL ACTION NO.** <u>2:15-03410</u>
        **On Removal from the Circuit Court of
Kanawha County, West Virginia
Civil Action No.: 15-C-365**

**GO MART, INC.,**

        **Defendant.**

---

### NOTICE OF REMOVAL

---

To:    Cathy S. Gatson, Clerk
        Kanawha County Circuit Court
        Judicial Building
        111 Court Street
        Charleston, WV 25301

        Thomas H. Peyton, Esquire
        Peyton Law Firm, PLLC
        2801 First Avenue
        P.O. Box 216
        Nitro, WV 25143

        To the Judges of the United States District Court for the Southern District of West Virginia:

        PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §1441, the defendant Go-Mart, Inc. ("Go-Mart"), by counsel, removes this action from the Circuit Court of Kanawha County, West Virginia, to the United States District Court for the Southern District of West Virginia on the following grounds:

1.      On February 23, 2015, the defendant was served by service upon the West Virginia Secretary of State, with a copy of a Summons and Complaint in an action commenced in the Circuit Court of Kanawha County, West Virginia entitled *Duane J. Ruggier, II v. Go Mart, Inc.*, assigned Civil Action No. 15-C-365.  Copies of the Summons and Complaint are attached to this Notice as Exhibits A and B, respectively.

2.      No further proceedings have occurred in state court. A copy of the Kanawha County Circuit Court Docket Sheet and a copy of the entirety of the circuit court record are attached to this Notice as Exhibits C and D, respectively.

3.      This Court has original federal question jurisdiction over this action under 28 U.S.C. § 1331, inasmuch as the complaint constitutes a civil action founded on a claim or right under the laws of the United States. This action, therefore, is one which may be removed to this Court pursuant to 28 U.S.C. § 1441 (b) without regard to the citizenship or residence of the parties, or the amount in controversy.

4.      In his Complaint, the plaintiff alleges that one of Go-Mart's stores "failed to maintain its restroom stall in compliance with the West Virginia Human Rights Act and the Americans with Disabilities Act ("ADA"). . . ."  (Complaint ¶ 7).  In addition, the Complaint alleges that Go-Mart's failure to comply with the Human Rights Act and the ADA prevented him from exiting the bathroom stall.  (Complaint ¶ 8).

5.      Indeed, only the regulations promulgated in conjunction with the ADA contain specific technical requirements related to the construction and design of places of public accommodation. See 29 CFR Part 36. The Human Rights Act has no such requirements.

6.      Therefore, because the plaintiff alleges violations of the ADA, this case is properly removable pursuant to 28 U.S.C. § 1441(a).

7.    Even if some of the plaintiff's remaining claims against the defendant do not raise a federal question, this Court had supplemental jurisdiction over such claims. 28 U.S.C. § 1367 recognizes supplemental jurisdiction in federal court:

> [I]n any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involved the joinder or intervention of additional parties.

Here, the ADA provides a basis for removal of this action. Thus, even if some of the plaintiff's claims do not raise a federal question independently, the exercise of supplemental jurisdiction over those claims would be appropriate to avoid litigating this case in a piecemeal fashion.

8.    This Notice of Removal is filed within thirty (30) days after the defendant received a copy of the initial pleading setting forth the claim up which this action is based.

9.    Promptly after filing this Notice of Removal, the defendants will also file a copy of this notice with the Clerk of the Circuit Court of Kanawha County and serve all adverse parties with written notice of the filing of the Notice of Removal.

WHEREFORE, the defendant Go-Mart, Inc., has removed this action from the Circuit Court of Kanawha County, West Virginia to the United States District Court for the Southern District of West Virginia. Therefore, no further proceedings in this action can be had in the Kanawha County Circuit Court.

Respectfully submitted,

**GO MART, INC.,**

By Counsel

/s/ Erin Elizabeth Magee
ERIN ELIZABETH MAGEE (WVSB # 6078)
ALEXANDRA M. KITTS (WVBN: 12549)
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
P. O. Box 553
Charleston, West Virginia 25322
(304) 340-1000
emagee@jacksonkelly.com
*Counsel for Defendant*

# EXHIBIT A

**SUMMONS**

FILED
2015 FEB 25  PM 2: 56
CATHY S. GASSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

DUANE J. RUGGIER, II,

        Plaintiff,

v.

                                     CIVIL ACTION NO. 15-C-365
                                     JUDGE: Kaufman

GO MART, INC.,

        Defendant.

SERVE:    Go Mart, Inc.
              c/o John D. Heater
              915 Riverside Drive
              Gassaway, WV 26624

ACCEPTED FOR SERVICE OF PROCESS
2015 FEB 23  AM 10: 59
SECRETARY OF STATE
STATE OF WEST VIRGINIA

TO THE ABOVE-NAMED DEFENDANT:

      IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon Thomas H. Peyton, Esquire, Plaintiff's attorney, whose address is Post Office Box 216, Nitro, West Virginia 25143, an answer, including any related counterclaim or defense you may have to the complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within thirty (30) days after service of this summons upon you, exclusive of the day of service. If you fail to ... default will be taken against you for relief demanded in the complaint and ... action any claim you may have which

erk

eputy

| | | | | | | |
|---|---|---|---|---|---|---|
| Total | Check | Payment type | Total | Service – US defendant 15-C-366 | Service | West Virginia Secretary of State<br>Invoice #253694<br>Date: 2/20/2015<br>PEYTON LAW FIRM PLLC |
| | | | | | Qty Sub | |
| | | Amount | | 1 | | |
| $20.00 | $20.00 | | $20.00 | $20.00 | | |

FEE

# EXHIBIT B

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

2015 FEB 19 PM 12: 20

KANAWHA COUNTY CIRCUIT COURT

**DUANE J. RUGGIER, II,**

**Plaintiff,**

v.                                               CIVIL ACTION NO. 15-C-365
                                                 JUDGE: Kaufman

**GO MART, INC.,**

**Defendant.**

## C O M P L A I N T

1.      The Plaintiff, Duane J. Ruggier, II, is an individual who resides in the city of Hurricane, Putnam County, West Virginia.

2.      The Defendant, Go-Mart, Inc., is a West Virginia corporation, (hereinafter referred to as "Go-Mart") authorized to and conducting business in Kanawha County, West Virginia.

3.      This is a civil rights action filed by the Plaintiff for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as Go-Mart located in the area of Summersville, Nicholas County, West Virginia, and being owned and/or operated by the Defendant.

4.      The Plaintiff is diagnosed with multiple sclerosis which substantially limits his ability to walk and/or stand, requiring him to use a power wheelchair when traveling about in public.  Consequently, the Plaintiff is physically disabled, as defined by all applicable West Virginia and United States laws, and a member of the public whose rights are protected by these laws.

5.      The Go-Mart retail establishment located in the area of Summersville, Nicholas County, West Virginia, is open to the public, is intended for nonresidential use and its operations affect commerce.

6.      On or about September 24, 2014, the Plaintiff visited the Go-Mart establishment in the area of Summersville, Nicholas County, West Virginia, and used the restroom offered to the public and customers of Go-Mart.

7.      On or about September 24, 2014, the Defendant failed to maintain its restroom stall in compliance with the West Virginia Human Rights Act and the Americans with Disabilities Act at a time when compliance was readily achievable. Specifically, the Defendant installed a toilet paper dispenser immediately above the grab bar adjacent to the toilet rendering the grab bar impossible or impractical to use by a disabled individual such as the Plaintiff.

8.      As a direct result of the Defendant's failure to comply with the West Virginia Human Rights Act and the Americans with Disabilities Act, the Plaintiff was not able to exit the restroom stall and fell to the floor in his attempt to do so.

9.      Pursuant to West Virginia Code § 5-11-2, it is the public policy of the state of West Virginia to provide all of its citizens equal access to places of public accommodations. Further, equal opportunity in the areas of public accommodations is a human right or civil right of all persons without regard to disability.   The denial of these rights to properly qualified persons by reason of disability is contrary to the principles of freedom and equality of opportunity and is destructive to a free and democratic society.

10.     The Plaintiff has a physical impairment which substantially limits one or more of his major life activities, to wit: walking.   Therefore, the Plaintiff has a disability as defined by West Virginia Code § 5-11-3(m).

11.     The Go-Mart establishment located in the area of Summersville, Nicholas County, West Virginia, is a place of public accommodations as defined by West Virginia Code § 5-11-3(j).

12.     The Defendant committed unlawful discriminatory practices as defined by West Virginia Code § 5-11-9(6)(a) by refusing, withholding from or denying to the Plaintiff because of his disability, either directly or indirectly, the accommodations, advantages, facilities, privileges or services of the Go-Mart establishment located in the area of Summersville, Nicholas County, West Virginia.

13.     As a direct and proximate result of the unlawful discriminatory practice of the Defendant, the Plaintiff has suffered damages including humiliation, embarrassment, emotional and metal distress, and loss of person dignity.

14.     The Plaintiff seeks all relief available under the West Virginia Human Rights Act including a finding that the Defendant has engaged in or is engaging in an unlawful discriminatory practice, injunctive relief enjoining the Defendant from engaging in such unlawful discriminatory practice and compensation for any and all damages suffered by the Plaintiff.

WHEREFORE, the Plaintiff respectfully requests the following relief:

1.     Injunctive relief and affirmative action sufficient to remedy the discriminatory conduct as charged herein;

2.     Declaratory relief finding that the Defendant violated the West Virginia Human Rights Act;

3.     Judgment for incidental damages pursuant to the West Virginia Human Rights Act;

3

4.   Attorney's fees, litigation expenses, and costs of this action; and

5.   Both pre-judgment and post-judgment interest for any award made herein.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE HEREIN.

DUANE J. RUGGIER, II

BY COUNSEL

Thomas H. Peyton, Esquire
West Virginia State Bar No. 8841
PEYTON LAW FIRM, PLLC
2801 First Avenue
P. O. Box 216
Nitro, WV 25143
Telephone:   (304) 755-5556
Telefax:   (304) 755-1255
*Counsel for Plaintiff*

4

# EXHIBIT C

CASE 15-C-365        KANAWHA                    PAGE    1

DUANE J. RUGGIER, II        vs. GO MART, INC..

LINE  DATE    ACTION

1 02/19/15  # CASE INFO SHEET; COMPLAINT; ISSUED SUM & 2 CPYS; F FEE; RCPT
2           # 52,661; $200.00
3 02/25/15  # LET FR SS DTD 2/23/15; SUM W/RET (2/23/15 SS) AS TO GO-MART
4           # INC
5 03/03/15  # E-CERT FR SS AS TO GO-MART INC DTD 2/26/15
6 03/09/15  # AMD C; ISSUED SUM & 2 CPYS ON AMD C
7 03/16/15  # LET FR SS DTD 3/12/15; SUM W/RET ON AMD C (3/12/15 SS)
8           # AS TO GO-MART INC

A TRUE COPY
TESTE _____ CLERK
CIRCUIT COURT KANAWHA COUNTY, WV

# EXHIBIT D

## CASE INFORMATION STATEMENT - CIVIL CASES

IN THE CIRCUIT COURT OF KANWHA COUNTY, WEST VIRGINIA

2015 FEB 19 PH 12: 20

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

I.    CASE STYLE:

Plaintiff(s):
DUANE J. RUGGIER, II

vs.

Defendant(s):
GO MART, INC.

Civil Action No.: 15-C-365

Judy Kaufm

| Days to Answer | Type of Service |
|---|---|
| 30 | Secretary of State |

II.   TYPE OF CASE:    Civil Rights, Americans With Disabilities
      (i.e. Personal Injury, Miscellaneous Civil, Professional Malpractice, Product Liability, Other Tort,
      Contract, Real Property, etc.)

III.  JURY DEMAND: Yes
      CASE WILL BE READY FOR TRIAL BY: February 1, 2016

IV.   DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE
      SPECIAL ACCOMMODATIONS DUE TO A DISABILITY OR AGE? No

Thomas H. Peyton, Esquire                    Representing:  Plaintiff
PEYTON LAW FIRM, PLLC
2801 First Avenue
Post Office Box 216
Nitro, West Virginia  25143
(304) 755-5556

Dated: 2/17/15

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

2015 FEB 19  PM 12: 20

KANAWHA COUNTY CIRCUIT COURT

DUANE J. RUGGIER, II,

       Plaintiff,

v.

                                    CIVIL ACTION NO. 15-C-365

                                    JUDGE: Kaufman

GO MART, INC.,

       Defendant.

## C O M P L A I N T

1.     The Plaintiff, Duane J. Ruggier, II, is an individual who resides in the city of Hurricane, Putnam County, West Virginia.

2.     The Defendant, Go-Mart, Inc., is a West Virginia corporation, (hereinafter referred to as "Go-Mart") authorized to and conducting business in Kanawha County, West Virginia.

3.     This is a civil rights action filed by the Plaintiff for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as Go-Mart located in the area of Summersville, Nicholas County, West Virginia, and being owned and/or operated by the Defendant.

4.     The Plaintiff is diagnosed with multiple sclerosis which substantially limits his ability to walk and/or stand, requiring him to use a power wheelchair when traveling about in public. Consequently, the Plaintiff is physically disabled, as defined by all applicable West Virginia and United States laws, and a member of the public whose rights are protected by these laws.

5.      The Go-Mart retail establishment located in the area of Summersville, Nicholas County, West Virginia, is open to the public, is intended for nonresidential use and its operations affect commerce.

6.      On or about September 24, 2014, the Plaintiff visited the Go-Mart establishment in the area of Summersville, Nicholas County, West Virginia, and used the restroom offered to the public and customers of Go-Mart.

7.      On or about September 24, 2014, the Defendant failed to maintain its restroom stall in compliance with the West Virginia Human Rights Act and the Americans with Disabilities Act at a time when compliance was readily achievable. Specifically, the Defendant installed a toilet paper dispenser immediately above the grab bar adjacent to the toilet rendering the grab bar impossible or impractical to use by a disabled individual such as the Plaintiff.

8.      As a direct result of the Defendant's failure to comply with the West Virginia Human Rights Act and the Americans with Disabilities Act, the Plaintiff was not able to exit the restroom stall and fell to the floor in his attempt to do so.

9.      Pursuant to West Virginia Code § 5-11-2, it is the public policy of the state of West Virginia to provide all of its citizens equal access to places of public accommodations. Further, equal opportunity in the areas of public accommodations is a human right or civil right of all persons without regard to disability.  The denial of these rights to properly qualified persons by reason of disability is contrary to the principles of freedom and equality of opportunity and is destructive to a free and democratic society.

10.      The Plaintiff has a physical impairment which substantially limits one or more of his major life activities, to wit: walking.  Therefore, the Plaintiff has a disability as defined by West Virginia Code § 5-11-3(m).

11.   The Go-Mart establishment located in the area of Summersville, Nicholas County, West Virginia, is a place of public accommodations as defined by West Virginia Code § 5-11-3(j).

12.   The Defendant committed unlawful discriminatory practices as defined by West Virginia Code § 5-11-9(6)(a) by refusing, withholding from or denying to the Plaintiff because of his disability, either directly or indirectly, the accommodations, advantages, facilities, privileges or services of the Go-Mart establishment located in the area of Summersville, Nicholas County, West Virginia.

13.   As a direct and proximate result of the unlawful discriminatory practice of the Defendant, the Plaintiff has suffered damages including humiliation, embarrassment, emotional and metal distress, and loss of person dignity.

14.   The Plaintiff seeks all relief available under the West Virginia Human Rights Act including a finding that the Defendant has engaged in or is engaging in an unlawful discriminatory practice, injunctive relief enjoining the Defendant from engaging in such unlawful discriminatory practice and compensation for any and all damages suffered by the Plaintiff.

WHEREFORE, the Plaintiff respectfully requests the following relief:

1.   Injunctive relief and affirmative action sufficient to remedy the discriminatory conduct as charged herein;

2.   Declaratory relief finding that the Defendant violated the West Virginia Human Rights Act;

3.   Judgment for incidental damages pursuant to the West Virginia Human Rights Act;

3

4.    Attorney's fees, litigation expenses, and costs of this action; and

5.    Both pre-judgment and post-judgment interest for any award made herein.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE HEREIN.

DUANE J. RUGGIER, II
BY COUNSEL

Thomas H. Peyton, Esquire
West Virginia State Bar No. 8841
PEYTON LAW FIRM, PLLC
2801 First Avenue
P. O. Box 216
Nitro, WV 25143
Telephone:    (304) 755-5556
Telefax:       (304) 755-1255
*Counsel for Plaintiff*

4

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

FILED

2015 FEB 25 PM 2: 56

CATHY S. GATSON CLERK
KANAWHA COUNTY CIRCUIT COURT



**Natalie E. Tennant**
Secretary Of State
State Of West Virginia
Phone: 304-558-6000
866-767-8683
**Visit us online:**
www.wvsos.com

Cathy Gatson
Kanawha County Courthouse
111 Court Street
Charleston, WV 25301-2500

| | |
|---|---|
| **Control Number:** 51518 | **Agent:** JOHN D. HEATER |
| **Defendant:** GO-MART, INC.<br>915 RIVERSIDE DR<br>GASSAWAY, WV 26624-1127 US | **County:** Kanawha |
| | **Civil Action:** 15-C-365 |
| | **Certified Number:** 92148901125134100000554933 |
| | **Service Date:** 2/23/2015 |

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your corporation as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

*Natalie E Tennant*

Natalie E. Tennant
Secretary of State

3-4

**SUMMONS**

### IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

FILED
2015 FEB 25  PM 2:56
CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

DUANE J. RUGGIER, II,

        Plaintiff,

v.                                CIVIL ACTION NO. 15-C-365
                                     JUDGE: Kaufman

GO MART, INC.,

        Defendant.

SERVE:    Go Mart, Inc.
              c/o John D. Heater
              915 Riverside Drive
              Gassaway, WV 26624

ACCEPTED FOR SERVICE OF PROCESS
2015 FEB 23  AM 10: 59
SECRETARY OF STATE
STATE OF WEST VIRGINIA

TO THE ABOVE-NAMED DEFENDANT:

    IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon Thomas H. Peyton, Esquire, Plaintiff's attorney, whose address is Post Office Box 216, Nitro, West Virginia 25143, an answer, including any related counterclaim or defense you may have to the complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within thirty (30) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, default will be taken against you for relief demanded in the complaint and any claim you may have which

West Virginia Secretary of State
Invoice R253694
Date: 2/20/2015
PEYTON LAW FIRM PLLC

| Service | Qty | Sub |
| --- | --- | --- |
| Service - US defendant<br>15-C-366 | 1 | $20.00 |
| **Total** | | **$20.00** |

| Payment type | Amount |
| --- | --- |
| Check | $20.00 |
| **Total** | **$20.00** |

erk

eputy

| Civil Action Number | 15-C-365 |
|---|---|
| Package Identification Code | 92148901125134100000554933 |
| Signature Downloaded | 3/2/2015 6:03:06 AM |
| Defendant Name | GO-MART, INC. |

FILED

2015 MAR -3 AM 8:41

CATHY S. ... ... CLERK
KANAWHA COUNTY CIRCUIT COURT

 **UNITED STATES POSTAL SERVICE.**

Date Produced: 03/02/2015

WEST VIRGINIA SECRETARY OF STATE:

The following is the delivery information for Certified Mail™/RRE item number 9214 8901 1251 3410 0000 5549 33. Our records indicate that this item was delivered on 02/26/2015 at 11:28 a.m. in GASSAWAY, WV 26624. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number: 55493

## S U M M O N S

### IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

DUANE J. RUGGIER, II,

     Plaintiff,

v.                                                                      CIVIL ACTION NO. 15-C-365
                                                                        JUDGE: KAUFMAN

GO MART, INC.,

     Defendant.

SERVE:      Go Mart, Inc.
            c/o John D. Heater
            915 Riverside Drive
            Gassaway, WV 26624

TO THE ABOVE-NAMED DEFENDANT:

     IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon Thomas H. Peyton, Esquire, Plaintiff's attorney, whose address is Post Office Box 216, Nitro, West Virginia 25143, an answer, including any related counterclaim or defense you may have to the **amended complaint** filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within thirty (30) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Dated: *March 9 2015*

                      **Cathy S. Gatson, Clerk**

                      CLERK OF COURT

                      BY: *M. Hammond* , Deputy

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

DUANE J. RUGGIER, II,

        Plaintiff,

v.                                        CIVIL ACTION NO. 15-C-368
                                        JUDGE: KAUFMAN

GO MART, INC.,

        Defendant.

## AMENDED COMPLAINT

1.     The Plaintiff, Duane J. Ruggier, II, is an individual who resides in the city of Hurricane, Putnam County, West Virginia.

2.     The Defendant, Go-Mart, Inc., is a West Virginia corporation, (hereinafter referred to as "Go-Mart") authorized to and conducting business in Kanawha County, West Virginia.

3.     This is a civil rights action filed by the Plaintiff for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as Go-Mart located in the area of Summersville, Nicholas County, West Virginia, and being owned and/or operated by the Defendant.

4.     The Plaintiff is diagnosed with multiple sclerosis which substantially limits his ability to walk and/or stand, requiring him to use a power wheelchair when traveling about in public. Consequently, the Plaintiff is physically disabled, as defined by all applicable West Virginia and United States laws, and a member of the public whose rights are protected by these laws.

5.      The Go-Mart retail establishment located in the area of Summersville, Nicholas County, West Virginia, is open to the public, is intended for nonresidential use and its operations affect commerce.

6.      On or about September 24, 2014, the Plaintiff visited the Go-Mart establishment in the area of Summersville, Nicholas County, West Virginia, and used the restroom offered to the public and customers of Go-Mart.

7.      On or about September 24, 2014, the Defendant failed to maintain its restroom stall in compliance with the West Virginia Human Rights Act and the Americans with Disabilities Act at a time when compliance was readily achievable. Specifically, the Defendant installed a toilet paper dispenser immediately above the grab bar adjacent to the toilet rendering the grab bar impossible or impractical to use by a disabled individual such as the Plaintiff.

8.      As a direct result of the Defendant's failure to comply with the West Virginia Human Rights Act and the Americans with Disabilities Act, the Plaintiff was not able to exit the restroom stall and fell to the floor in his attempt to do so.

9.      Pursuant to West Virginia Code § 5-11-2, it is the public policy of the state of West Virginia to provide all of its citizens equal access to places of public accommodations. Further, equal opportunity in the areas of public accommodations is a human right or civil right of all persons without regard to disability.  The denial of these rights to properly qualified persons by reason of disability is contrary to the principles of freedom and equality of opportunity and is destructive to a free and democratic society.

10.     The Plaintiff has a physical impairment which substantially limits one or more of his major life activities, to wit: walking.  Therefore, the Plaintiff has a disability as defined by West Virginia Code § 5-11-3(m).

2

11.    The Go-Mart establishment located in the area of Summersville, Nicholas County, West Virginia, is a place of public accommodations as defined by West Virginia Code § 5-11-3(j).

12.    The Defendant committed unlawful discriminatory practices as defined by West Virginia Code § 5-11-9(6)(a) by refusing, withholding from or denying to the Plaintiff because of his disability, either directly or indirectly, the accommodations, advantages, facilities, privileges or services of the Go-Mart establishment located in the area of Summersville, Nicholas County, West Virginia.

13.    As a direct and proximate result of the unlawful discriminatory practice of the Defendant, the Plaintiff has suffered damages including humiliation, embarrassment, emotional and metal distress, and loss of person dignity.

14.    The Plaintiff seeks all relief available under the West Virginia Human Rights Act including a finding that the Defendant has engaged in or is engaging in an unlawful discriminatory practice, injunctive relief enjoining the Defendant from engaging in such unlawful discriminatory practice and compensation for any and all damages suffered by the Plaintiff.

15.    The Defendant had actual knowledge that its facility was in violation of the West Virginia Human Rights Act prior to September 24, 2014, and willfully, wantonly, intentionally and/or in total disregard for the civil rights of the Plaintiff failed and refused to modify its facility to comply with the West Virginia Human Rights Act.

WHEREFORE, the Plaintiff respectfully requests the following relief:

1.    Injunctive relief and affirmative action sufficient to remedy the discriminatory conduct as charged herein;

3

2.      Declaratory relief finding that the Defendant violated the West Virginia Human Rights Act;

3.      Judgment for incidental damages pursuant to the West Virginia Human Rights Act;

4.      Attorney's fees, litigation expenses, and costs of this action;

5.      Judgment for punitive damages in amount sufficient to deter future unlawful conduct as alleged herein; and

6.      Both pre-judgment and post-judgment interest for any award made herein.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE HEREIN.

DUANE J. RUGGIER, II
BY COUNSEL

Thomas H. Peyton, Esquire
West Virginia State Bar No. 8841
PEYTON LAW FIRM, PLLC
2801 First Avenue
P. O. Box 216
Nitro, WV 25143
Telephone:      (304) 755-5556
Telefax:        (304) 755-1255
*Counsel for Plaintiff*

4

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

2015 MAR 16  PH 3: 30

CATHY S ...
KANAWHA COUNTY CIRCUIT COURT



**Natalie E. Tennant**
Secretary Of State
State Of West Virginia
Phone: 304-558-6000
866-767-8683
Visit us online:
www.wvsos.com

Cathy Gatson
Kanawha County Courthouse
111 Court Street
Charleston, WV 25301-2500

|  |  |
|---|---|
| **Control Number:** 53864 | **Agent:** JOHN D HEATER |
| **Defendant:** GO-MART, INC. | **County:** Kanawha |
| 915 RIVERSIDE DR | **Civil Action:** 15-C-365 |
| GASSAWAY, WV 26624-1127 US | **Certified Number:** 92148901125134100000578014 |
|  | **Service Date:** 3/12/2015 |

I am enclosing:

**1 summons and amended complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your corporation as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office.***

Sincerely,

*Natalie E Tennant*

7-8

Natalie E. Tennant
Secretary of State

S U M M O N S

2015 MAR 16  PM 3: 30

KANAWHA COUNTY CIRCUIT COURT

# IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

DUANE J. RUGGIER, II,

      Plaintiff,

v.

                                      CIVIL ACTION NO. 15-C-365
                                        JUDGE: KAUFMAN

GO MART, INC.,

      Defendant.

SERVE:      Go Mart, Inc.
              c/o John D. Heater
              915 Riverside Drive
              Gassaway, WV 26624

2015 MAR 12 PM 3: 11
SECRETARY OF STATE
STATE OF WEST VIRGINIA
ACCEPTED FOR SERVICE OF PROCESS

TO THE ABOVE-NAMED DEFENDANT:

      IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon Thomas H. Peyton, Esquire, Plaintiff's attorney, whose address is Post Office Box 216, Nitro, West Virginia 25143, an answer, including any related counterclaim or defense you may have to the **amended complaint** filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within thirty (30) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, ... in the complai... ...u may have wh...

Dated:



West Virginia Secretary of State
Invoice #256964
Dated: 3/11/2015
PEYTON

| Service | Qty | Sub |
|---|---|---|
| Service - US defendant 15-C-365 | 1 | $20.00 |
| Total | | $20.00 |

| Payment type | | Amount |
|---|---|---|
| Check | | $20.00 |
| Total | | $20.00 |

MAR 11 2015

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON

DUANE J. RUGGIER, II,

       **Plaintiff,**

v.

                                       **CIVIL ACTION NO. _____**
                                       **On Removal from the Circuit Court of**
                                     **Kanawha County, West Virginia**
                                     **Civil Action No.: 15-C-365**

GO MART, INC.,

       **Defendant.**

## CERTIFICATE OF SERVICE

       I, Erin Elizabeth Magee, counsel for the defendant, hereby certify that service of the foregoing *Notice of Removal* was made upon the plaintiff and the Clerk of the Kanawha County Circuit Court, as follows:

                Thomas H. Peyton, Esquire
                Peyton Law Firm, PLLC
                2801 First Avenue
                P.O. Box 216
                Nitro, WV 25143
                *Counsel for Plaintiff*

                Cathy S. Gatson, Clerk
                Kanawha County Circuit Court
                Judicial Annex
                111 Court Street
                Charleston, WV 25301

on the 20th day of March, 2015.

                                    /s/ Erin Elizabeth Magee_____

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| DUANE J. RUGGIER, II | GO MART, INC. |

| (b) County of Residence of First Listed Plaintiff   PUTNAM | County of Residence of First Listed Defendant _____ |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Thomas H. Peyton, PO Box 216, Nitro, WV 25143 (304) 755-5556 | Erin E. Magee, PO Box 553, Charleston, WV 25322 (304) 340-1360 |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question *(U.S. Government Not a Party)*

☐ 2 U.S. Government Defendant

☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

### CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

### REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
☐ 365 Personal Injury - Product Liability
☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
☐ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 445 Amer. w/Disabilities - Employment
☒ 446 Amer. w/Disabilities - Other
☐ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
☐ 463 Alien Detainee
☐ 510 Motions to Vacate Sentence
☐ 530 General
☐ 535 Death Penalty
**Other:**
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

### LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Management Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Employee Retirement Income Security Act

### IMMIGRATION
☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

### BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

### SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
☐ 375 False Claims Act
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/ Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Information Act
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from Another District *(specify)*

☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
42 USC §12101

Brief description of cause:
Discrimination in violation of Americans with Disabilities Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 03/20/2015 | /s/ Erin E. Magee |

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____